**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 15-cr-94 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| JULIUS WILSON, | |
| Defendant. | |

**CECCHI, District Judge.**

## I.   INTRODUCTION

Defendant is charged with illegally possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The Indictment alleges that Defendant, having previously been convicted of a New Jersey State offense punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm on or about June 24, 2014 in Essex County, in the District of New Jersey.  [ECF No. 1.]  Presently before the Court is the Government's motion _in limine_ to admit two types of evidence if Defendant chooses to testify.  [ECF No. 16.]  First, the Government seeks to admit evidence of two prior felony convictions under Federal Rule of Evidence 609(a).  Second, the Government requests to cross-examine Defendant concerning his prior use of aliases under Federal Rule of Evidence 608(b).  For the reasons set forth below, the Government's motion is granted in part and denied in part.[1]

---

[1] The parties are advised that pretrial motions _in limine_ are decided without the context of the trial record.  Certain trial developments, such as the introduction of other relevant evidence or a party's "opening the door," may lead the Court to revisit an issue.

## II.   ADMISSIBILITY OF DEFENDANT'S PRIOR CONVICTIONS

Defendant has five prior felony convictions:

> (1) October 18, 2004—Two counts of distributing heroin, a controlled dangerous substance ("CDS"), within 1,000 feet of a school, in violation of N.J. Stat. Ann. § 2C:35-7;
>
> (2) October 18, 2004—Possession of cocaine, a CDS, with intent to distribute within 1,000 feet of a school, in violation of N.J. Stat. Ann. § 2C:35-7;
>
> (3) October 18, 2004—Receiving stolen property, in violation of N.J. Stat. Ann. § 2C:20-7a;
>
> (4) February 6, 2009—Unlawful transport of firearms, in violation of 18 U.S.C. § 922(g)(1); and
>
> (5) March 10, 2009—Unlawful possession of a handgun, in violation of N.J. Stat. Ann. § 2C:39-5b.

The Government seeks to admit evidence of Defendant's first and third convictions for purposes of impeachment under Federal Rule of Evidence 609(a). Defendant was ultimately released from prison and paroled on his first and third convictions on September 13, 2006.

### A.   Legal Standard

Federal Rule of Evidence 609 governs the admissibility of prior convictions for impeachment purposes. Under Rule 609(a)(1)(B), evidence that a defendant has been convicted of a felony "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).

> "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" Walden v. Georgia Pac. Corp., 126 F.3d 506, 523 (3d Cir. 1997) (citations omitted). "Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose

2

testimony the jury is asked to believe." Id. (citing United States v. Martinez, 555 F.2d 1273, 1275 (5th Cir. 1977)).

When a defendant chooses to testify at his trial he places his credibility "directly at issue." United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987).

United States v. Murphy, 172 F. App'x 461, 462063 (3d Cir. 2006).

In considering whether probativeness outweighs prejudice under Rule 609(a)(1)(B), the Court must balance four factors: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant." Gov't of V.I. v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982) (citation omitted); accord United States v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014). The Government bears the burden of demonstrating the probative value of the prior conviction outweighs its prejudicial effect. Bedford, 671 F.2d at 761 (citations omitted). "The defendant is then permitted to rebut the Government's presentation, explicating the potentiality for unfair prejudice from admission of the evidence." Id. (citation omitted).

**B.     Analysis**

      **1.     The kind of crime involved.**

Under the first Bedford factor, the Court considers the nature of the prior conviction to decide whether its probative value outweighs its prejudicial effect. Id. at 761 n.4. Crimes of violence generally have lower probative value regarding truthfulness, but may still be admitted after weighing the other factors. Caldwell, 760 F.3d at 286. In contrast, crimes that by their nature imply some dishonesty, such as theft, have greater probative value regarding truthfulness and are significantly more likely to be admissible. Id.

Prior convictions which are for the same or substantially the same conduct as the charged crime should be admitted sparingly because of their prejudicial effect. Gordon v. United States,

3

383 F.2d 936, 940 (D.C. Cir. 1967). Specifically, where a defendant's prior conviction is for the same or substantially the same conduct as the charged crime, a jury may unfairly assume the defendant is prone to commit the particular offense and so must be guilty of the current charges. See Caldwell, 760 F.3d at 286-87 ("With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried."); Gordon, 383 F.2d at 940 ("Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'").

The probative value of Defendant's prior conviction for distributing heroin does not outweigh its prejudicial effect given the combination of factors in this case. Here, the prior offense involves drug dealing, while the current charged offense is illegal possession of a weapon. While the offenses are not identical, they are similar because, in this matter, an individual juror may associate Defendant's current charge of illegally possessing a firearm as a convicted felon with his prior conviction for distributing heroin. See United States v. Caliph BARR, Crim. No. 14-592 (KM), 2015 WL 6870062, at *3 (D.N.J. Nov. 6, 2015). This association is even more likely considering Defendant's prior conviction is for drug distribution, rather than drug possession. See United States v. Figueroa, Crim. No. 15-0098 (KM), 2016 WL 126369, at *3 (D.N.J. Jan. 11, 2016) (noting that the association between drugs and guns is more potent with respect to drug trafficking, as opposed to drug possession). This association creates an elevated danger that the jury will draw an impermissible inference of Defendant's guilt should the jury hear this evidence. See United States v. Miller, No. CRIM.A.04-382, 2004 WL

2612420, at *5 (E.D. Pa. Nov. 16, 2004).[2]  As such, the Court finds that admitting Defendant's

prior conviction for distributing heroin is highly prejudicial.  Moreover, although courts have

recognized that prior drug convictions have some probative value for impeachment purposes,

drug crimes are not significantly associated with veracity.  See, e.g., Miller v. Hoffman, No.

CIV. A. 97-7987, 1999 WL 415402, at *3 (E.D. Pa. June 22, 1999).  Given the potential

prejudice involved and the importance of Defendant's testimony, notwithstanding a

consideration of the age of the conviction and the significance of Defendant's credibility, the

Court finds on balance Defendant would suffer if his prior conviction for distributing heroin

were used during cross-examination.  As such, the evidence of this conviction is inadmissible.

    The admissibility of Defendant's prior conviction for receiving stolen property, however,

is of a different nature.  First, that conviction is not similar in nature to the instant offense of

unlawful possession of a weapon, which diminishes the prejudice and the risk that the jury may

draw impermissible propensity inferences.  See Caldwell, 760 F.3d at 286-87.  Second, that

conviction is one that, by its nature, implies dishonesty.  Defendant pleaded guilty to receiving

stolen property in violation of N.J. Stat. Ann. § 2C:20-7, which provides:  "A person is guilty of

theft if he knowingly receives or brings into this State moveable property of another knowing

that it has been stolen, or believing that it is probably stolen."  Deceit and dishonesty are at the

core of this crime; the fact that Defendant knowingly received property that he knew or believed

to be stolen has probative value for impeachment purposes.  Gordon, 383 F.2d at 940 ("In

common human experience acts of deceit, fraud, cheating, or stealing, for example, are

---

[2] It is important to note the "probative value versus prejudicial effect" balancing test under Rule 609 differs from the Rule 403 balancing test in that evidence is less likely to be admitted under the 609 balancing test.  Thus, the 609 test is more protective of a criminal defendant.

universally regarded as conduct which reflects adversely on a man's honesty and integrity."). Accordingly, the first Bedford factor weighs in favor of admitting Defendant's prior conviction for receiving stolen property.

### 2.     The age of the conviction.

Under the second Bedford factor, the Court considers the age of the prior conviction to decide whether its probative value outweighs its prejudicial effect. "The probative value of a conviction decreases as its age increases." United States v. Cherry, Criminal Action No. 10-091, 2010 WL 3156529, at *7 (E.D. Pa. Aug. 10, 2010) (citation omitted). A conviction more than ten years old is subject to a "special balancing test under Rule 609(b) before it may be admitted to impeach a witness." Id. (internal quotation marks and citation omitted).

Although Defendant's prior conviction for receiving stolen property is on the older-end, under the circumstances of this case, its probative value has not been diminished by the passage of time. The probative value of an older conviction may remain undiminished if the defendant has multiple intervening convictions, which could suggest his character has not improved. See United States v. Castelluzzo, Crim No. 13-560 (FLW/DEA), 2015 WL 3448208, at *3 (D.N.J. May 29, 2015) (quoting Caldwell, 760 F.3d at 287). Defendant's behavior did not improve following his conviction for receiving stolen property. In 2009, Defendant was convicted of (1) unlawfully transporting firearms (sentenced to 56 months' imprisonment and three years' supervised release), and (2) unlawful possession of a handgun (sentenced to five years' imprisonment).[3] The recent nature of those crimes suggest Defendant's character has not improved and indicate that the older conviction has probative value for impeachment purposes.

---

[3] In light of the similarity between these crimes and the charged offense, the Government does not seek to admit those convictions for impeachment purposes. They are, however, instructive on the question of whether the conviction for receiving stolen property is probative.

As such, the second Bedford factor weighs in favor of admitting Defendant's prior conviction for receiving stolen property.

### 3. The importance of Defendant's testimony and credibility.

The third and fourth Bedford factors are interrelated, and are often in tension with each other. See Caldwell, 760 F.3d at 288 n.15. Under the third Bedford factor, the Court considers the importance of the defendant's testimony to his defense at trial. If a defendant's testimony is important to his defense, this factor weighs against admitting a prior conviction. See Caldwell, 760 F.3d at 287-88. "If, on the other hand, the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." Id. (citation omitted). Under the fourth Bedford factor, the Court considers the significance of the defendant's credibility to the case. "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction." Caldwell, 760 F.3d at 288 (citation omitted). Further, when a defendant testifies, he places his credibility directly at issue. See United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987).

In felon-in-possession cases such as this, the main question is whether the defendant knowingly possessed a firearm. Therefore, Defendant's testimony, if he chooses to testify, will likely be critical as "[i]t is quite possible that [Defendant's] only viable defense will be to testify that he did not know that he had a gun in his backpack." Memorandum of Julius Wilson in Opposition to the United States Motions for Admission of Evidence of Prior Crimes, Aliases, and Fingerprint Expert Testimony ("Def. Opp."), ECF No. 23 at 3. For this very reason, Defendant's credibility is also a central issue in this case.

Defendant's testimony would set up a credibility contest between himself and the Government's witnesses as to, for example, the circumstances of the arrest and Defendant's

alleged possession of a firearm. The jury will be asked to choose between Defendant's version of the events and that provided by the Government's witnesses. The Third Circuit has found that "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." Caldwell, 760 F.3d at 288 (citation omitted); see also Figueroa, 2016 WL 126369, at *4 ("[I]f the trial is to be a swearing contest, then the jury must be given the tools to do its fact-finding job."). Accordingly, the third and fourth Bedford factors suggest that the jury should hear about Defendant's prior conviction for receiving stolen property.

### C.    Admissibility of Prior Conviction for Receiving Stolen Property

Defendant's conviction for receiving stolen property is probative of his credibility. After analyzing the conviction under the four Bedford factors, the Court concludes the probative value of such evidence outweighs any prejudice. Therefore, the conviction is admissible pursuant to Federal Rule of Evidence 609(a)(1)(B).

For the foregoing reasons, the Government's request to admit evidence under Federal Rule of Evidence 609(a)(1)(B) is granted in part and denied in part. The Government is precluded from impeaching Defendant on cross-examination with his prior conviction for distributing heroin. However, the Government may impeach Defendant, if he chooses to testify, with his prior conviction for receiving stolen property.

## III.    ADMISSIBILITY OF DEFENDANT'S PRIOR USE OF ALIASES

If Defendant testifies, the Government seeks to impeach him regarding his character for truthfulness by questioning him about his prior use of aliases pursuant to Federal Rule of Evidence 608(b). The Government alleges that Defendant has used at least three aliases in prior encounters with law enforcement:

(1) On or about January 26, 2004, when Defendant was arrested for possessing and manufacturing with intent to distribute CDS on school property, he gave the name "Jaqaim Harris";

(2) On or about July 6, 2007, when Defendant was arrested for possessing a handgun, he gave the name "David Walton"; and

(3) On or about June 19, 2008, when Defendant was arrested on federal charges of unlawfully transporting firearms, he gave the name "David Elwood Walton."

## A.    Legal Standard

Federal Rule of Evidence 608(b)(1) gives the trial court discretion to permit cross-examination of a witness regarding specific instances of conduct concerning the witness's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b); see also United States v. Davis, 183 F.3d 231, 256 (3d Cir. 1999). "Lying about one's name constitutes specific conduct that implicates the defendant's character for truthfulness." United States v. Santiago-Ledezma, No. 98-50153, 1999 WL 450856, at *5 (9th Cir. June 28, 1999). As such, evidence that the defendant provided a false name may be used to impeach Defendant's character for truthfulness if he chooses to testify, provided the safeguards of Rule 608 do not prevent its use. Davis, 183 F.3d at 256; see also United States v. Ojeda, 23 F.3d 1473, 1477 (8th Cir. 1994); Nibbs v. Goulart, 822 F. Supp. 2d 339, 351 (S.D.N.Y. 2011) ("[T]he use of aliases and false information is indicative of a witness' character for truthfulness, and evidence of such use is properly admitted under [Rule] 608(b).").

There are several safeguards against abuse of this form of impeachment. First, extrinsic evidence is not admissible to prove specific instances of a witness's conduct to attack the witness's character for truthfulness. See Fed. R. Evid. 608. This prohibition against extrinsic evidence "bars any reference to the consequences that a witness might have suffered as a result

9

of the alleged bad act." See Fed. R. Evid. 608 advisory committees note.  Additionally, Rule 403

requires the probative value of the evidence not be outweighed by danger of unfair prejudice,

confusion of issues, or misleading the jury.  See Fed. R. Evid. 403; see also United States v.

Bocra, 623 F.2d 281, 288 (3d Cir. 1980).

### B.    Analysis

The safeguards of Rule 608 do not prevent the use of this form of impeachment here.  See

Fed. R. Evid. 608.  First, given the nature of the charged offense, the jury will know Defendant

was previously convicted of at least one felony.  Second, the Court has ruled that the

Government is permitted to cross-examine Defendant on his prior conviction for receiving stolen

property.  Third, the Government maintains it will not admit evidence of the underlying arrests in

which Defendant provided these aliases to law enforcement.  Finally, the Rule precludes the

Government from mentioning any repercussions that resulted from Defendant's use of aliases.

For these reasons, the Government's request to cross-examine Defendant on his use of aliases

under Federal Rule of Evidence 608(b)(1) is granted.

### IV.    CONCLUSION

Accordingly, **IT IS** on this _____23_____ day of ___May_____, 2016

**ORDERED** the Government's motion in limine is **GRANTED IN PART and DENIED**

**IN PART**; it is further

**ORDERED** Defendant's felony conviction for receiving stolen property and Defendant's

prior use of aliases may be used to impeach him in the event he testifies; it is further

10

**ORDERED** Defendant's felony conviction for distributing heroin may not be used for impeachment.

    **SO ORDERED.**

                                     **CLAIRE C. CECCHI, U.S.D.J.**